IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| PATRICIA HUNT, | ) | CIVIL NO. 14-00081 LEK-RLP |
| | ) | |
| Plaintiff, | ) | FINDINGS AND RECOMMENDATION THAT |
| | ) | THE DISTRICT COURT DISMISS THE |
| vs. | ) | COMPLAINT WITH LEAVE TO AMEND |
| | ) | AND DENY PLAINTIFF'S APPLICATION |
| ROSS DRESS FOR LESS LLC, LC | ) | TO PROCEED WITHOUT PREPAYING |
| ROSS STORES INC. AND OWNERS | ) | FEES |
| MICHAEL SULLIVAN, JOHN CALL, | ) | |
| AND ROSS DRESS FOR LESS IS A | ) | |
| FOREIGN CORPORATION, CONROY, | ) | |
| SIMBERG, GANNON LAW FIRM AND | ) | |
| ALL PARTIES, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

FINDINGS AND RECOMMENDATION  THAT THE DISTRICT COURT
DISMISS THE COMPLAINT WITH LEAVE TO AMEND AND DENY
PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYING FEES[1]

Before the Court is Plaintiff Patricia Hunt's

Application to Proceed in District Court Without Prepaying Fees

or Costs ("Application"), filed on February 18, 2014.  ECF No. 2.

As discussed below, the Court FINDS AND RECOMMENDS that the

district court DISMISS this action without prejudice and DENY the

Application.

DISCUSSION

Courts may authorize the commencement of any suit

_____

[1] Within fourteen days after a party is served with a copy
of the Findings and Recommendation, that party may, pursuant to
28 U.S.C. § 636(b)(1)(B), file written objections in the United
States District Court.  A party must file any objections within
the fourteen-day period allowed if that party wants to have
appellate review of the Findings and Recommendation.  If no
objections are filed, no appellate review will be allowed.

without prepayment of fees by a person who submits an affidavit that the person is unable to pay such fees.  28 U.S.C. § 1915(a)(1).  The Court must subject each civil action commenced pursuant to Section 1915(a) to mandatory screening and order the dismissal of any claim that it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief."  28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (stating that 28 U.S.C. § 1915(e) "not only permits but requires" the court to dismiss a § 1915(a) complaint that fails to state a claim); Calhoun v. Stahl, 254 F.3d 845, 845 (9th Cir. 2001) (holding that the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners).

Additionally, the court may dismiss a complaint for failure to comply with Rule 8 of the Federal Rules of Civil Procedure.  See Hearns v. San Bernardino Police Dep't, 530 F.3d 1124, 1131 (9th Cir. 2008).  Rule 8 requires that a complaint include "a short plain statement of the claim" and that each allegation "be simple, concise, and direct."  Fed. R. Civ. P. 8(a)(2), (d)(1).  A complaint that is so confusing that its "'true substance, if any, is well disguised'" may be dismissed sua sponte for failure to satisfy Rule 8.  Hearns, 530 F.3d at 1131 (quoting Gillibeau v. City of Richmond, 417 F.2d 426, 431 (9th Cir. 1969)).  Because Plaintiff is appearing pro se in this

action, the Court liberally construes the pleadings.  See Bernhardt v. L.A. Cnty., 339 F.3d 920, 925 (9th Cir. 2003).

The Court has reviewed Plaintiff's Complaint and concludes that, even liberally construed, the Complaint fails to state any discernable basis for judicial relief.  First, the Complaint appears to include purported violations of several criminal statutes.  See ECF No. 1 at 1 (citing 18 U.S.C. §§ 1503, 541-242, 3, 512, 1347, 1503, 1510, and 1001).  However, a civil complaint cannot state a claim for violation of a criminal statute.  See Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980).  Second, although the Complaint references violations of Plaintiff's constitutional rights, it does not contain any factual allegations regarding the conduct of the named Defendants that would provide sufficient notice to Defendants of the claims asserted against them.  Third, the letter attached to Plaintiff's Complaint references a Florida state court action.  See ECF No. 1 at 2.  To the extent Plaintiff is attempting to challenge state court judicial proceedings, this court lacks jurisdiction to hear such claims.  See Branson v. Nott, 62 F.3d 287, 291 (9th Cir. 1995) ("As courts of original jurisdiction, federal district courts have no authority to review the final determinations of a state court in judicial proceedings.").  Finally, to the extent the events at issue occurred in Florida, it does not appear that this court is the proper venue to hear this matter.  See 28

U.S.C. § 1391(b).

        Although the Complaint is deficient, the Court
recognizes that "[u]nless it is absolutely clear that no
amendment can cure the defect . . . , a pro se litigant is
entitled to notice of the complaint's deficiencies and an
opportunity to amend." <u>Lucas v. Dep't of Corr.</u>, 66 F.3d 245, 248
(9th Cir. 1995); <u>see also</u> <u>Lopez v. Smith</u>, 203 F.3d 1122, 1126
(9th Cir. 2000) (en banc).  Accordingly, the Court RECOMMENDS
that the Complaint be DISMISSED without prejudice and Plaintiff
be given leave to file an amended complaint, addressing the
deficiencies identified above, no later than thirty days from the
district court's adoption of this Findings and Recommendation.

        If Plaintiff chooses to file an amended complaint, the
document must be clearly designated as the "First Amended
Complaint," must be retyped or rewritten, and may not incorporate
any part of the original Complaint by reference.  <u>See</u> Local Rule
10.3.  Because the Court finds that the Complaint is deficient,
the Court also RECOMMENDS that Plaintiff's Application be DENIED
and that Plaintiff be given leave to file another Application if
she chooses to file an amended complaint.

<u>CONCLUSION</u>

        The Court FINDS AND RECOMMENDS that the district court:

        1) DISMISS Plaintiff's Complaint without prejudice;

        2) GRANT Plaintiff leave to file an amended complaint

curing the deficiencies identified above no later than thirty
days from the district court's adoption of this Findings and
Recommendation;

3)   DENY Plaintiff's Application with leave to file
another Application if she chooses to file an amended complaint.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, FEBRUARY 24, 2014.



_____
Richard L. Puglisi
United States Magistrate Judge


**HUNT V. ROSS DRESS FOR LESS LLC, ET AL.;** CIVIL NO. 14-00081 LEK-
RLP; FINDINGS AND RECOMMENDATION THAT THE DISTRICT COURT DISMISS
THE COMPLAINT WITH LEAVE TO AMEND AND DENY PLAINTIFF'S APPLICATION
TO PROCEED WITHOUT PREPAYING FEES